UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

DANIEL GATSON,                          :
    Petitioner,                         :
        v.                              : Case No.
WARDEN FCI FORT DIX,                    :
        Respondent,                     :

PETITION FOR HABEAS CORPUS
UNDER 28 U.S.C. § 2241

I. JURISDICTION

This court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is confined within this District and challenges the execution of his sentence, specifically the Bureau of Prison's ("BOP") unlawful calculation and denial of earned time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4).

Recent federal decisions confirm that disputes over First Step Act earned time credits are widespread and judicially cognizable under § 28 U.S.C. § 2241. Courts have repeatedly rejected the Bureau of Prison's attempts to impose extra-statutory limitations on credit eligibility and application, emphasizing that the statute's mandatory language requires proper calculation and timely application of earned credits. See, e.g., recent federal decisions addressing improper credit denial and delayed application. These cases reflect a growing judicial consenus that the BOP's internal policies cannot override Congress's command, and that continued detention based on miscalculated credits constitutes unlawful custody.

A § 2241 petition is the proper vehicle for such claims. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir. 2005).

## II. NATURE OF THE CASE

This case presents a straightforward but serious legal violation:
The BOP:

1. Admittedly miscalculated Petitioner as ineligible for FSA earned time credits for nearly five years;

2. Retroactively disallowed 544 days of earned time credits based on conduct occurring during that erroneous classification.

The result is that Petitioner is being held longer than Congress authorized.

This is not a discretionary determination - it is a statutory miscalculation of sentence duration, which is precisely what § 2241 is designed to remedy.

## III. PARTIES

- Petitioner: Daniel Gatson, currently confined at FCI Fort Dill.
- Respondent: Warden of FCI Fort Dix.

## IV. FACTUAL BACKGROUND

Petitioner was sentenced on June 30, 2016, and has been in federal custody since that time.

In December 2018, Congress enacted the First Step Act to reduce recidivism by awarding eligible inmates time credits for successful participation in evidence - based programming.

In May 2019, Petitioner was transferred from Raybrook correctional institution (medium) to FCI Fort Dill (low). Upon arrival, the unit team erroneously classified the petitioner as "INELIGIBLE" **for FSA earned time credits.** See exHibit A, 04/26/2023 sentencing computation sheet; and also 12/18/2023 sentencing computation sheet which states

2

the petitioner was marked as "INELIGIBLE"". This erroneous classification persisted from May 2019 through January 2025.

During this period:

The petitioner in 2020 and in 2022, failed to make Financial Responsibilty Program ("FRP") payments due to indigency. The FRP issues occurred during the period of wrongful "INELIGIBILTY",
When Petitioner was not being properly evaluated under FSA criteria.

•Petitioner participated in programming,
•He was improperly denied 544 FSA credit accrual,
•His classification status prevented proper credit calculation.

In January 2025, the Unit Team:

1. Acknowledged its error,

2. Reclassified Petitioner as "ELIGIBLE",

3. But retroactively disallowed 544 days of earned time credits based on the prior FRP issue.

The BOP's position effectively penalizes Petitioner for a period during which:
• He was wrongfully deemed ineligible, and
• Therefore could not lawfully accrue or be evaluated for credits.

V. GROUNDS FOR RELIEF

GROUND ONE

THE BOP VIOLATED THE FIRST STEP ACT BY IMPOSING EXTRA-STATUTORY DISQUALIFICATIONS

The FSA provides a clear rule:

Eligible prisoners shall earn time credits for successful

participation. 18 U.S.C. § 3632(d)(4)(A)(mandatory language).

The statute:

- Defines eligibilty,

- Defines accrual rates,

- Does not authorize denial based on FRP participation.

The BOP's decision to disallow 544 days:

- Adds a requirement not found in the statute,

 - Conflicts with congressional intent,

- Is therefore unlawful.

Courts in this District have rejected similar BOP misapplications. See Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020).

GROUND TWO

THE BOP CANNOT RETROACTIVELY PENALIZE PETITIONER FOR CONDUCT OCCURRING DURING ITS OWN ERROR

The government:

- Created the erroneous "INELIGIBLE" classification,

- Maintained it for years,

- Then used events from the same period to deny credits.
That is legally indefensible.

Under basic administrative law principles:

- Agency action must be reasoned and consistent,

- It cannot be self-contradictory or retroactively punitive.

The BOP's position is internally inconsistent:

- It claims Petitioner was "ineligible,"

- Yet penalizes him as if he were fully subject to eligibility-based

requirements.

Courts reject such reasoning.

See Accardi doctrine (agencies must follow their own rules), derived from U.S. ex rel. Accardi v. Shaughnessy, 34 U.S. 260 (1954).

GROUND THREE

THE SENTENCE CALCULATION IS UNLAWFUL AND VIOLATES DUE PROCESS

A prisoner has a protected liberty interest in being released at the correct time. See

- Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989)
- United States v. Wilson, 503 U.S. 329 (1992)

Here:

- The BOP's miscalculation has extended Petitioner's confinement,
- Relied on its own administrative error,
- Retroactively imposed penalties.

Courts recognize that unlawful extension of custody constitutes a due process violation. See Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989). The Third Circuit has made clear: Detention beyond the term authorized by law violates the constitution. Sample, 885 F.2d at 1110.

GROUND FOUR

FRP NONCOMPLIANCE IS NOT A LAWFUL BASIS TO DENY FSA CREDITS

The financial Responsibility Program:

- Is not part of the FSA statutory framework,
- Cannot override Congress's earned credit system.

The Third Circuit has recognized that while the BOP may encourage FRP participation, it cannot impose unlawful penalties outside statutory authority. See James v. Quinlan, 866 F.2d 627 (3d Cir. 1989).

Additionally:

- **Petitioner's alleged noncompliance** occurred while he was indigent,
- Punishing idigency raises constitutional concerns, :
- This nonpayment happened during a period when he was wrongfully classified as ineligible.

Thus, reliance on FRP:

- Is legally unsupported,
- Violates statutory limits,
- Is fundamentally unfair.

GROUND FIVE

ARBITRARY AND CAPRICIOUS AGENCY ACTION (APA PRINCIPLES)

Although styled as habeas, courts evaluate BOP sentence execution decisions under principles analogous to the Administrative Procedure Act.

The BOP:

- Erroneously classified Petitioner for years,
- Then penalized him based on conduct occurring during that erroneous classification,
- Failed to follow statutory mandates.

This conduct is:

- Arbitrary,
- Irrational,
- Not entitled to deference.

See Zucker v. Menifee, 2024 WL 102779 (S.D.N.Y. Jan. 21, 2004)(sentence miscalculation violates due process).

GROUND SIX

6

EXHAUSTION

A federal inmate ordinarily must administrative remedies before seeking habeas relief under 28 U.S.C. § 2241. Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

But "a court may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of administartive remedies would be futile gesture, irreparable injury will result, or the administrative proceedings would be void".

Petitoner concedes he did not exhaust administrative remedies, but states that pursuing further administrative review would be futile because his claim directly challenges the validity of a BOP regulation. Petitioner's claim for relief is premised on his allegation that a BOP regulation conflicts with Congress's mandate to the BOP in the FSA. Specifically, Petitioner alleges that the BOP has miscalculated hiis FSA earned time credits based on how it has defined the commencement of a prisoner's term of impriosnment in 28 C.F.R. 523.42(a).

In addition. Petitioner is likely to suffer irreparable injury if the exhaustion requirement is not waived. Petitioner's term of incarceration is currently ste to expire in about a couple of months if this matter were granted. The loss of liberty resulting form any time that petitioner overserves in custody constitutes irreparable injury. Dismissal of the Petition for failuer to exhaust would accordingly threaten petitioner's ability to obtain effective relief from any miscalculation of his FSA earned time credits.

7

Therefore the Petitioner respectfully request the Court to waive the prudential exhaustion requirement in this matter.

GROUND SEVEN

INJURY

As a direct result of the Respondent's actions, the Petitioner has suffered concrete and ongoing harm:

· Loss of 544 days of earned time credits

· Unlawful extension of confinement

· Continued deprivation of liberty

This is precisely the injury § 2241 is meant to remedy.

GROUND EIGHT

REQUEST FOR RELIEF

1. Grant the writ of habeas corpus;

2. Declare that the BOP's denial of FSA credits is unlawful;

3. Order the BOP to:

    ·Restore the 544 days of earned time credits,

    ·Recalculate Petitioner's sentence immediately,

    ·Apply credits towards prerelease custody or release date;

4. Order expedited implementation of the corrected release date;

5. Grant any additional relief the Court deems just and proper.

Date: 5/25/2026

Sincerly Yours,

MR. DANIEL GATSON / Petitioner